The document below is hereby signed.

Signed: April 17, 2018



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                           )
                                )
DAVID J BROWN,                  )   Case No. 16-00466
                                )   (Chapter 7)
            Debtor.             )
_____ )
                                )
WELCH FAMILY LIMITED            )
PARTNERSHIP FOUR,               )
                                )
            Plaintiff,          )
                                )
       v.                       )   Adversary Proceeding No.
                                )   17-10032
DAVID J BROWN, et al.,          )
                                )
            Defendants.         )
```

### MEMORANDUM DECISION RE MOTION TO REMAND

This adversary proceeding was a civil action in the Superior Court of the District of Columbia that was removed to this court by the chapter 7 trustee. The motion to remand the case to the Superior Court, filed by the plaintiff, Welch Family Limited Partnership Four, will be granted.

I

FACTS

The plaintiff commenced the civil action in the Superior Court on July 11, 2016, by filing a complaint in which it sought title to a walkway located on real property of the debtor, David J. Brown, on the basis of adverse possession or prescriptive easement.  On August 15, 2016, the debtor filed an answer.  On September 8, 2016, the debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code (11 U.S.C.), commencing Case No. 16-00466 in this court pursuant to 11 U.S.C. § 301(a), and the petition constituted an order for relief under chapter 11 pursuant to 11 U.S.C. § 301(b).  On November 2, 2016, this court entered an order in the bankruptcy case directing "that the automatic stay is lifted to enable Welch Family Limited Partnership Four to pursue its claims with respect to the real property known as 309 H Street, N.W., Washington, D.C. 20001 as set forth in its Verified Complaint (Adverse Possession) in the Superior Court for the District of Columbia, Case No. 2016-CA-004991 R(RP)."  Case No. 16-00466, Dkt. No. 42, at 2.

By an order (Dkt. No. 68) entered in the bankruptcy case on January 11, 2017, the debtor's case was converted to a case under chapter 7 of the Bankruptcy Code and Bryan S. Ross was appointed the chapter 7 trustee.  On February 6, 2017, the plaintiff filed in the Superior Court civil action a motion seeking leave to

amend the complaint to "clarify the scope" of the property to which it is seeking (and sought in the initial complaint) title by including a portion of property lying over the walkway in addition to the walkway itself.  On August 21, 2017, the plaintiff filed a motion to amend its complaint to add Ross as a party.  On October 4, 2017, the Superior Court granted both of the plaintiff's motions to amend its complaint.  Pursuant to that order, the plaintiff served its amended complaint on Ross on October 31, 2017.

Ross filed his notice of removal of the civil action in the debtor's bankruptcy case on November 14, 2017, invoking 28 U.S.C. § 1452(a), which provides with exceptions of no relevance here that a party "may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  On the basis of that notice of removal, this adversary proceeding was commenced on November 17, 2017.  On November 29, 2017, the plaintiff filed in the adversary proceeding a motion to remand the civil action.

As noted in *Christo v. Padgett*, 223 F.3d 1324, 1330 n.6 (11th Cir. 2000):

> Courts have split on whether 28 U.S.C. § 1446(b) (governing removals generally) or Bankruptcy Rule 9027 provides the appropriate time period for filing a notice of removal in cases related to a bankruptcy proceeding.

See Hon. Thomas B. Bennett, *Removal, Remand, and Abstention Related to Bankruptcies: Yet Another Litigation Quagmire!*, 27 Cumb. L. Rev. 1037, 1057–59 (1997).

The notice of removal was untimely regardless of whether 28 U.S.C. § 1446(b) or Fed. R. Bankr. P. 9027(a) controls and the case will therefore be remanded to the Superior Court.

II

UNTIMELINESS OF REMOVAL UNDER 28 U.S.C. § 1446(b)

If 28 U.S.C. § 1446(b) governed the time for removal in this case, it is plain that the civil action was not timely removed. Section 1446(b)(1) provides a 30-day window for removing a civil action from state court after receipt of the complaint.[1] The debtor filed an answer to the complaint in the Superior Court prior to filing the petition commencing his bankruptcy case. He could not have removed the civil action until after the commencement of the bankruptcy case. I will therefore treat the 30-day window as commencing on the date that the debtor filed the petition commencing his bankruptcy case, September 8, 2016. The

---

[1] Section 1446(b)(1) provides:

The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

4

debtor did not file a petition for removal during that 30-day window.

The plaintiff later amended its complaint after the commencement of the debtor's bankruptcy case, but that did not alter the time for removal.  Under § 1446(b)(3), with an exception of no relevance here:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

In other words, if an original complaint was not removable but an amended pleading, motion, or order then renders the claim removable, the notice of removal must be filed within 30 days of when the claim became removable.  More specifically to the case at hand here, if an original complaint was removable from the outset and no notice of removal was filed within the 30-day deadline relating to the removable original complaint, § 1446(b) would not allow the civil action to be removed.

In this case, Ross is bound by the debtor's failure timely to remove the civil action under 28 U.S.C. § 1446(b) during the pendency of the case in chapter 11.  Until the case was converted to chapter 7, the debtor served as a debtor in possession under 11 U.S.C. § 1101, and was empowered by 11 U.S.C. § 1107(a) to exercise the rights of a trustee with respect to removal of the

Superior Court complaint, without the necessity of approval by the bankruptcy court of the debtor's decisions in that regard. In other words, he was authorized to decide whether to remove the complaint.

Ross is bound by the authorized actions of the debtor, as a debtor in possession, regarding the Superior Court action. *See Armstrong v. Norwest Bank, Minneapolis, N.A.*, 964 F.2d 797, 801 (8th Cir. 1992) ("[I]t is axiomatic that the [Chapter 7] Trustee is bound by the acts of the debtor-in-possession . . . ."). *See also Hill v. Akamai Techs., Inc. (In re MS55, Inc.)*, 477 F.3d 1131, 1135 (10th Cir. 2007) (recognizing that it is "well established that a Chapter 7 trustee succeeds to the rights of the debtor-in-possession and is bound by prior actions of the debtor-in-possession to the extent approved by the court" (citation omitted)). The debtor's failure as a chapter 11 debtor in possession timely to remove the complaint in the Superior Court civil action is binding on Ross now that he has assumed control of the debtor's bankruptcy estate by virtue of his role as chapter 7 trustee. *See Stumpf v. Albracht*, 982 F.2d 275, 277–78 (8th Cir. 1992) (ruling that a chapter 11 trustee's tort claim was barred by the statute of limitations because the limitations period began to run when the chapter 11 debtors in possession knew of the alleged malpractice underlying the claim and "the trustee must stand in their shoes").

III

UNTIMELINESS OF REMOVAL OF
CLAIMS IN ORIGINAL COMPLAINT UNDER RULE 9027(a)

Even if Fed. R. Bankr. P. 9027(a) governs the time for removal, Ross's notice of removal was untimely as to the claims asserted in the plaintiff's original complaint.

A.  The claims asserted in the original complaint were not removed within the periods allotted by Rule 9027(a)(2).

Fed. R. Bankr. P. 9027(a)(2) provides:

> **Time for Filing; Civil Action Initiated Before Commencement of the Case Under the Code.** If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

When Ross filed his notice of removal of the civil action in November 2017, the notice was time-barred under Rule 9027(a)(2) as to the claims asserted in the original complaint:

- As to clause (A) of Rule 9027(a)(2), the bankruptcy case had been pending for more than 90 days as of Ross's appointment on January 11, 2017.

- As to clause (B) of Rule 9027(a)(2), the automatic stay was lifted more than 30 days before Ross's appointment on January 11, 2017.

7

- As to clause (C) of Rule 9027(a)(2), even if it applied in this case,[2] Ross qualified as trustee on the date of his appointment, January 11, 2017,[3] and no petition for removal was filed by February 10, 2017, the 30th day following his qualification as trustee.

There was thus no timely filing of the petition for removal under Rule 9027(a)(2) as to the claims asserted in the original complaint.

Even if the debtor's inaction as a debtor in possession were not binding on Ross, Rule 9027(a)(2)(A) and (B) set deadlines that expired before Ross was appointed trustee and those deadlines apply to Ross now as chapter 7 trustee.  The rule makers recognized that the deadlines under Rule 9027(a)(2)(A) and (B) might expire before a trustee is appointed, and allowed additional time in Rule 9027(a)(3) for the trustee to file a notice of removal.  Rule 9027(a)(2)(C) therefore sets an

---

[2] Rule 9027(a)(2)(C) applies only when "a trustee qualifies in a chapter 11 reorganization case" and Ross was appointed and qualified as a trustee in a chapter 7 case, not a chapter 11 case.  However, for purposes of analysis I will view that provision as applicable when a trustee qualifies as a chapter 7 trustee in **what was** a chapter 11 reorganization case (without deciding whether the provision actually is applicable).

[3] The court takes judicial notice that under 11 U.S.C. § 322(a) Ross qualified as the chapter 7 trustee upon his selection because Ross, as a member of the panel of chapter 7 trustees eligible to be appointed as the interim trustee in chapter 7 cases, has a blanket bond posted in favor of the United States conditioned on the faithful performance of his official duties.

additional period of time for a trustee who qualifies in a chapter 11 reorganization case to file a notice of removal. Accordingly, a trustee is bound by the expiration of deadlines under Rule 9027(a)(2)(A) and (B) even if those deadlines expired before the trustee's appointment and, when those deadlines have expired, the trustee may then only look to Rule 9027(a)(2)(C) as a period within which to file a notice of removal.

Here, the deadlines under Rule 9027(a)(2)(A) and (B) expired before Ross was appointed trustee, and the only way for him to timely to remove a claim that was pending before the commencement of the bankruptcy case was to file a notice of removal within the period allowed by Rule 9027(a)(2)(C) (if that rule applied to him).  As discussed already, if Rule 9027(a)(2)(C) is treated as being applicable to Ross, he failed timely to file a notice of removal under that provision.  The claims asserted in the original complaint (and repeated in the amended complaint) thus have not been timely removed and those claims must be remanded.

  B. Rule 9027(a)(3) does not apply to claims asserted in the amended complaint that were pled in the original complaint.

As previously noted, the plaintiff served its amended complaint on Ross on October 31, 2017, and Ross filed his notice of removal of the civil action on November 14, 2017.  Ross argues that his notice of removal was timely under Rule 9027(a)(3) because he filed his notice of removal within 30 days after

9

service of the amended complaint.  Fed. R. Bankr. P. 9027(a)(3) provides:

> **Time for Filing; Civil Action Initiated After Commencement of the Case Under the Code.** If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

However, Rule 9027(a)(3) may not be invoked to allow a party to remove claims in an amended complaint that were asserted in the original complaint and were not timely removed pursuant to Rule 9027(a)(2).  Such claims fall under the purview of Rule 9027(a)(2) rather than 9027(a)(3) even though they have been reasserted in the amended complaint.  Accordingly, in this case, the claims that were asserted in the original complaint and reasserted in the amended complaint must be remanded as not removed in a timely fashion.

To elaborate, Ross cannot plausibly argue that removal of the *entire* civil action, including the claims asserted in the original complaint, was timely under Rule 9027(a)(3) on the basis that the amended complaint was not served on him until after the commencement of the bankruptcy case.  Ross is bound by the debtor's failure, as a debtor in possession, timely to remove the claims asserted in the original complaint.  The amended complaint

included the claims asserted in the original complaint, whereby the plaintiff sought to obtain title to the walkway, and within the meaning of Rule 9027(a)(2) those claims were "pending when [the] case under the Code [was] commenced." Service of an amended complaint incorporating those claims does not alter that. Rule 9027(a)(2) governs the removal of the claims asserted in the original complaint and reasserted in the amended complaint, and, as discussed above, the petition for removal was untimely with respect to those claims. Those claims, dealing with title to the walkway, must be remanded.

IV

THE ADDITIONAL CLAIM ASSERTED IN THE
AMENDED COMPLAINT MUST BE REMANDED AS WELL

The claim asserted in the amended complaint regarding an additional portion of property lying over the walkway was not literally pending *before* the commencement of the bankruptcy case. Rule 9027(a)(3) (dealing with claims asserted in another court *after* commencement of the case under the Bankruptcy Code) arguably governs the time for filing a notice of removal regarding the additional claim, rather than Rule 9027(a)(2) (dealing with claims pending before the commencement of the case under the Bankruptcy Code). However, this additional claim ought to be remanded as well.

The additional claim merely clarified the scope of the property as to which the plaintiff sought title: the amended

complaint included an additional portion of property lying over the walkway as part of the property as to which the plaintiff sought title. This additional claim can fairly be viewed as relating back to the filing of the original complaint before the commencement of the bankruptcy case and treated as part and parcel of the original claim, such that Rule 9027(a)(2) made Ross's petition for removal untimely as to this additional claim as well.

That would be consonant with the treatment of removal of amended claims under 28 U.S.C. § 1446(b). Under that statute, an amended complaint starts a new deadline for removal only if it so changes the nature of the action as to constitute "substantially a new suit begun that day." *Fletcher v. Hamlet*, 116 U.S. 408, 410 (1886); *Johnson v. Heublein Inc.*, 227 F.3d 236, 239 (5th Cir. 2000). Here, the original complaint (containing a claim dealing with title to the walkway) was removable, and it does not make sense to treat the additional claim raised in the amended complaint (relating to title to the property lying over the walkway), which merely clarified the extent of the property as to which the plaintiff claimed title, as giving rise to a new claim with a new applicable deadline for removal rather than one of two claims in the civil action which are part and parcel of the same controversy.

Even if Rule 9027(a)(3), instead of Rule 9027(a)(2), applies to the additional claim, the additional claim ought to be remanded.  Under 28 U.S.C. 1452(b), "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."  In the context of this statute, "equitable" means "that which is reasonable, fair, or appropriate."  *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 133 (1995).  Once the claim regarding the walkway (which was asserted in both the original complaint and the amended complaint) is remanded, it would not make sense to fail to remand as well the claim regarding the additional portion of property lying over the walkway, a claim that merely clarified the scope of the property as to which the plaintiff is seeking title.  Any adjudication of the plaintiff's claim to title to the walkway ought to include as well an adjudication of the claim to property lying over the walkway.  Stated differently, it would not make sense for this court to adjudicate only the claim to the property lying over the walkway while another court adjudicates the claim to the walkway itself.  Therefore, even if Rule 9027(a)(3) applies to the additional claim raised in the amended complaint, the additional claim ought to be remanded on equitable grounds.

V

ISSUE OF MANDATORY ABSTENTION

The plaintiff also sought remand on the alternative basis of mandatory abstention under 28 U.S.C. § 1334(c)(2). Because I am remanding the adversary proceeding based on the grounds set forth above, it is unnecessary to decide whether mandatory abstention is required.

VI

CONCLUSION

An order follows remanding this adversary proceeding to the Superior Court.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.